1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10   AMERITOX, LTD.,                  )   Civil No. 12cv2797 W (RBB)
                                      )
11                                    )   **ORDER GRANTING MOTION TO**
                                      )   **COMPEL AND ENFORCE FEBRUARY**
12                   Plaintiff,       )   **19, 2013 DISCOVERY ORDER [ECF**
                                      )   **NO. 31], REQUEST FOR JUDICIAL**
13                                    )   **NOTICE [ECF NO. 35], AND**
                                      )   **MOTION FOR LEAVE TO FILE UNDER**
14   v.                              )   **SEAL PORTIONS OF [AMERITOX'S]**
                                      )   **REPLY [ECF NO. 38]; AND**
15   MILLENNIUM LABORATORIES          )   **DENYING MOTION TO FILE**
     CLINICAL SUPPLY, INC.,           )   **DOCUMENTS UNDER SEAL BY**
16                                    )   **DELIVERY TO THE CLERK, IN**
                                      )   **SUPPORT OF [MLCS'S] OPPOSITION**
17                   Defendant.       )   **TO AMERITOX'S MOTION TO COMPEL**
                                      )   **AND ENFORCE [ECF NO. 26] AND**
18                                    )   **EX PARTE APPLICATION FOR LEAVE**
                                      )   **TO FILE SURREPLY IN OPPOSITION**
19                                    )   **TO PLAINTIFF AMERITOX, LTD'S**
                                      )   **MOTION TO COMPEL AND ENFORCE**
20                                    )   **FEBRUARY 19, 2013 DISCOVERY**
     _____  )   **ORDER [ECF NO. 41]**
21

22

23        On July 5, 2013, Plaintiff Ameritox, Ltd. ("Ameritox") filed a

24   Motion to Compel and Enforce February 19, 2013 Discovery Order

25   along with a declaration by Adam L. Marchuk and several exhibits

26   [ECF No. 31].  There, Plaintiff asks the Court to enforce its

27   February 19, 2013 Order (the "Discovery Order") directing

28   Millennium Laboratories Clinical Supply, Inc. ("MLCS") to provide

                                    1

documents in response to two subpoenas served in early 2012.  (Mot. Compel & Enforce Disc. Order Attach. #1 Mem. P. & A. 4, ECF No. 31 (public version); Mot. Compel & Enforce Disc. Order Mem. P. & A. 4, ECF No. 33 (sealed version).)[1]  MLCS filed its Opposition to Plaintiff Ameritox, Ltd.'s Motion to Compel and Enforce February 19, 2013 Discovery Order (the "Opposition") on August 5, 2013 [ECF No. 34], along with a declaration by Joseph M. Preis and several exhibits.  On August 12, 2013, Ameritox filed sealed and public versions of its Reply in Support of its Motion (the "Reply") [ECF Nos. 39, 40].  For the reasons discussed below, Plaintiff's Motion to Compel and Enforce February 19, 2013 Discovery Order [ECF No. 31] is **GRANTED**.

## I.   FACTUAL BACKGROUND

Ameritox and Millennium Laboratories, Inc. ("Millennium") are competitors in the urine-drug-testing market.  (Mot. Compel Attach. #1 Mem. P. & A. 4, ECF No. 1.)  Plaintiff sued Millennium in the United States District Court for the Middle District of Florida for violations of the Lanham Act, Florida's Deceptive and Unfair Trade Practices Act, California's Unfair Competition Law, New Hampshire's Regulation of Business Practices for Consumer Protection Act, and for common-law unfair competition (the "Underlying Action").  (Id. at 5 (citing id. Attach. #2 Ex. C).)  Ameritox's suit is based, in part, on the assertion that Millennium "provided Point of Care Testing ('POCT') cups and supplies, used by physicians to conduct urine drug testing, for free or for below-market prices upon the condition that that [sic] those physicians send all confirmatory

---

[1]   The Court will cite to all documents using the page numbers assigned by the electronic case filing system.

drug tests to Millennium." (Id.)  Plaintiff alleges that
Millennium initially provided the cups to its customers.  (Id.)
According to Ameritox, MLCS was later created to distribute the
cups on Millennium's behalf.  (Id.)  MLCS, Plaintiff contends, is
controlled by Millennium.  (Id.)

## II.  PROCEDURAL BACKGROUND

On February 27 and April 6, 2012, Ameritox subpoenaed MLCS to
produce documents in connection with the Underlying Action.  (Mot.
Compel & Enforce Disc. Order Attach. #1 Mem. P. & A. 4, ECF No.
31.)  MLCS responded by providing objections and some documents.
(Id. at 6.)  Plaintiff concluded that MLCS's production was
insufficient and subsequently filed a "Motion to Compel Millenium
[sic] Laboratories Clinical Supply, Inc.'s Production of Documents"
with a Memorandum of Points and Authorities and several exhibits
(the "Motion to Compel") on November 20, 2012 [ECF No. 1].  There,
Ameritox moved to compel responses to document requests one through
eight and supplemental document requests one through four.  (Mot.
Compel Attach. #1 Mem. P. & A. 16-24, ECF No. 1.)  The Court held a
hearing on February 19, 2013; it granted the Motion to Compel and
ordered MLCS to provide documents responsive to all of the requests
on or before March 21, 2013.  (See Mot. Compel Produc. Docs. Rep.'s
Tr. Proceedings 50, ECF No. 22.)  The Court later issued a written
ruling of its findings.  (See Mins., Feb. 19, 2013, ECF No. 16.)

In response to the Discovery Order, MLCS provided additional
documents to Plaintiff on March 21, June 14, and June 21, 2013.
(Mot. Compel & Enforce Disc. Order Attach. #1 Mem. P. & A. 5, ECF
No. 31.)  Ameritox again found MLCS's production deficient; it
filed a Motion for Leave to File Under Seal Documents in Support of

Motion to Compel Pursuant to Protective Order on July 3, 2013 [ECF No. 26].  On July 5, 2013, Plaintiff filed its Motion to Compel and Enforce Discovery Order  [ECF No. 31].  The Court granted Plaintiff Ameritox leave to file documents under seal on July 9, 2013 [ECF No. 32].  On the same day, Ameritox's Memorandum of Points and Authorities in Support of its Motion to Compel and Enforce February 19, 2013 Discovery Order was filed under seal along with several exhibits [ECF No. 33].

MLCS filed the Opposition on August 5, 2013 [ECF No. 34], along with a Request for Judicial Notice in Support of its Opposition to Ameritox's Motion to Compel and Enforce [ECF No. 35] (the "Request for Judicial Notice") and a Motion to File Documents Under Seal by Delivery to the Clerk, in Support of its Opposition to Ameritox's Motion to Compel and Enforce [ECF No. 36].  The Court determined that the Motion to Compel and Enforce was suitable for decision without oral argument.  (Mins., Aug. 6, 2013, ECF No. 37.) On August 12, 2013, Plaintiff filed a Motion for Leave to File Under Seal Portions of Its Reply [ECF No. 38], along with sealed and public versions of the Reply [ECF Nos. 39, 40].

MLCS, on August 16, 2013, filed an Ex Parte Application for Leave to File Surreply in Opposition to Plaintiff Ameritox, Ltd.'s Motion to Compel and Enforce February 19, 2013 Discovery Order, along with a copy of the proposed surreply [ECF No. 41].  On August 20, 2013, Ameritox filed an Opposition to Third Party Millennium Laboratories Clinical Supply, Inc.'s Ex Parte Application for Leave to File Surreply in Opposition to Plaintiff Ameritox, Ltd.'s Motion to Compel and Enforce February 19, 2013 Discovery Order [ECF No.

12cv2797 W (RBB)

42].  MLCS filed a Response in Support of its Ex Parte Application

on August 21, 2013 [ECF No. 44].

### III.  DISCUSSION

**A.**  <u>**Preliminary Matters**</u>

  **1.  Motions to file documents under seal**

As noted, MLCS filed a Motion to File Documents Under Seal by Delivery to the Clerk, in Support of its Opposition to Ameritox's Motion to Compel and Enforce [ECF No. 36], where it requests to file documents under seal in support of the Opposition.  (Mot. File Docs. Under Seal 2, ECF No. 36.)  Specifically, it seeks to provide the Court with "[t]he entirety of MLCS's production of documents" on a computer disk rather than via the electronic case filing system.  (<u>Id.</u>)  MLCS asks to deviate from the standard electronic-filing procedures because of "the exceptional size of the document files."  (<u>Id.</u>)  The Court finds that additional documents are not necessary to resolve the Motion to Compel and Enforce February 19, 2013 Discovery Order.  Accordingly, MLCS's Motion to File Documents Under Seal by Delivery to the Clerk [ECF No. 36] is **DENIED**.

Plaintiff also filed a Motion for Leave to File Under Seal Portions of Its Reply [ECF No. 38].  There, Ameritox requests to file its Reply under seal because it contains arguments that reference documents that have been designated as "Highly Confidential/Attorneys Eyes Only."  (Mot. Leave File Under Seal 2, ECF No. 38.)  Because the arguments in the public version of the Reply have been heavily redacted, a complete version of the Reply is necessary for resolving the matters at issue in the Motion to Compel and Enforce February 19, 2013 Discovery Order.  Ameritox's

Motion for Leave to File Under Seal Portions of Its Reply [ECF No. 38] is therefore **GRANTED**.

> **2.   Ex Parte Application for Leave to File Surreply in Opposition to Plaintiff Ameritox, Ltd.'s Motion**

On August 16, 2013, MLCS filed an Ex Parte Application for Leave to File Surreply in Opposition to Plaintiff Ameritox, Ltd.'s Motion to Compel and Enforce February 19, 2013 Discovery Order, along with a copy of the proposed surreply [ECF No. 41]. It seeks to file a surreply in order to "rebut the misrepresentations made by Ameritox" in the Reply. (Ex Parte Appl. Leave File Surreply 2, ECF No. 41.) In the alternative, MLCS requests that a hearing be held to allow the parties to present oral argument. (<u>Id.</u>) The Court finds that all issues have been adequately briefed in the Motion to Compel and Enforce February 19, 2013 Discovery Order, Opposition, and Reply. The Ex Parte Application for Leave to File Surreply [ECF No. 41] is therefore **DENIED**.

> **3.   Request for Judicial Notice**

In support of its Opposition, MLCS filed a Request for Judicial Notice asking the Court to judicially notice the following documents:  (1) a transcript of the February 19, 2013 hearing on Ameritox's Motion to Compel; (2) a Joint Motion for Determination of Discovery Dispute Regarding Defendant's Failure to Produce Responsive Documents and Failure to Produce Witnesses, filed in <u>Millennium Laboratories, Inc. v. Ameritox Ltd.</u>, No. 12cv1063 MMA (JMA) (S.D Cal. filed June 11, 2013); (3) two orders from the Underlying Action in Florida; and (4) three orders filed in <u>Nelson v. Millennium Inc.</u>, No. 2:12-cv-1301-SLG (D. Ariz.).  (Req.

Judicial Notice 2-3, ECF No. 35.)  Plaintiff has neither questioned
the authenticity of these documents nor opposed MLCS's request.

A fact subject to judicial notice is one that is "not subject
to reasonable dispute because it:  (1) is generally known within
the trial court's territorial jurisdiction or; (2) can be
accurately and readily determined from sources whose accuracy
cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A court
shall take judicial notice if requested by a party and supplied
with the necessary information.  Id. 201(c)(2).  The Court may take
judicial notice of undisputed matters of public record, including
"documents on file in federal or state courts."  Harris v. Cnty. of
Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

"[A] party requesting judicial notice bears the burden of
persuading the trial judge that the fact is a proper matter for
judicial notice."  In re Tyrone F. Conner Corp., 140 B.R. 771, 781
(Bankr. E.D. Cal. 1992) (citations omitted).  That party must
"persuade the court that the particular fact is not reasonably
subject to dispute and is capable of immediate and accurate
determination by resort to a source 'whose accuracy cannot
reasonably be questioned' . . . ."  Id. (quoting Fed. R. Evid.
201).  In other words, "the fact must be one that only an
unreasonable person would insist on disputing."  United States v.
Jones, 29 F.3d 1549, 1553 (11th Cir. 1994).

When documents are part of the public record, judicial notice
is appropriate to show that judicial proceedings occurred or that
documents were filed in another action, but courts must not take
judicial notice of factual findings from another case.  See Wyatt
v. Terhune, 315 F.3d 1108, 1114 (9th Cir. 2003); Lee v. City of Los

7

12cv2797 W (RBB)

1  Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001); Jones, 29 F.3d at

2  1553.  Courts cannot take judicial notice of any fact that is in

3  dispute.  Lee, 250 F.3d at 689; see Lozano v. Ashcroft, 258 F.3d

4  1160, 1165 (10th Cir. 2001).

5      Exhibit A is the transcript from the February 19, 2013 hearing

6  on the Motion to Compel.  (See Req. Judicial Notice Attach. #1 Ex.

7  A Mot. Compel Produc. Docs. Rep.'s Tr. Proceedings 2, ECF No. 35.)

8  This document is part of the docket in this matter; thus, a request

9  for judicial notice is not necessary.  (See generally Mot. Compel

10  Produc. Docs. Rep.'s Tr. Proceedings 1-51, ECF No. 22); see Negrete

11  v. Petsmart, Inc., No. 2:13-cv-01218-MCE-AC, 2013 WL 4853995, at *1

12  n.2 (E.D. Cal. Sept. 10, 2013); Sarantapoulas v. Bank of America,

13  N.A., No. C 12-0564 PJH, 2012 WL 4761900, at *6 (N.D. Cal. Oct. 5,

14  2012).  Nonetheless, the Court may take judicial notice of court

15  records.  See Harris, 682 F.3d at 1132.

16      Exhibits B-H are court records from other cases, for which

17  judicial notice is permissible.  Nothing suggests that these

18  documents are not authentic.  Moreover, the content of each

19  document is commonly known and readily verifiable by independent

20  and dependable methods.  See In re Tyrone F. Conner Corp., 140 B.R.

21  at 781; Fed. R. Evid. 201(b).  Accordingly, the Request for

22  Judicial Notice [ECF No. 35] is **GRANTED**.

23  **B.    The Parties' Arguments**

24      Ameritox lists nine reasons why MLCS's production of documents

25  is not in compliance with the Discovery Order.  (See Mot. Compel &

26  Enforce Disc. Order Attach. #1 Mem. P. & A. 6-8, ECF No. 31.)  In

27  ground one, Plaintiff maintains that MLCS failed to provide

28  documents in electronic form.  (Id. at 8.)  Next, it failed to

provide documents containing customer names. (Id. at 10.)  Third, Ameritox complains that MLCS did not provide sales and payment information for each customer. (Id. at 12.)  Plaintiff asserts, in ground four, that MLCS did not provide documents regarding free cup contracts. (Id. at 13.)  In ground five, Ameritox insists that third-party, MLCS, failed to produce screen shots of its website. (Id. at 14.)  Sixth, MLCS did not produce documents pertaining to cashed checks, uncashed checks, and credit card chargebacks. (Id. at 15.)  As a seventh reason, Ameritox states that MLCS failed to provide information related to invoices that have been unpaid for more than sixty days. (Id. at 16.)  Eighth, Plaintiff submits that MLCS did not provide documents showing payments and fund transfers between MLCS and Millennium. (Id.)  Finally, Ameritox contends that MLCS failed to provide verified responses. (Id. at 17.)  Plaintiff concludes by requesting that sanctions be imposed against the third party for its noncompliance with the Court's Discovery Order. (Id. at 18.)

**1.  Failure to produce documents in proper form**

First, Ameritox alleges that the subpoenas required MLCS to provide electronically stored information ("ESI") in a specified, electronic format. (Id. at 8 (citing Mot. Compel Attach. #3 Ex. A at 12, 16, ECF No. 1; id. Attach. #4 Ex. B at 12, 16).)  Yet, according to Plaintiff, MLCS provided hard-copy printouts of the requested documents. (Id.)  Ameritox contends that the documents are kept in electronic form in the ordinary course of business, but MLCS chose to produce the documents in the "most time consuming and impractical manner imaginable." (Id.)  Plaintiff argues that the documents are "difficult to use and unsearchable." (Id. at 9.)

Moreover, Ameritox asserts that even if it "did not specify the [requested] format, it is well-settled that a responding party must produce ESI in a 'reasonably useable' form." (Id. (citing Fed. R. Civ. P. 34(b)(2)(E)(ii)).) Thus, Plaintiff asks the Court to order the subpoenaed party to comply with the Discovery Order and produce all remaining documents in electronic format. (Id. at 9-10.)

In its Opposition, MLCS submits that "[e]very document in MLCS's production that Ameritox requested in searchable electronic format has been produced." (Opp'n 11, ECF No. 34.) Plaintiff maintains in the Reply that "[w]hile MLCS has provided this Court with a CD containing its entire document production, MLCS never provided Ameritox with a CD containing the entire document production until after MLCS provided it to the Court." (Reply 4, ECF No. 40.)[2] Plaintiff insists that the electronic documents produced are still inadequate "because the CD does not include any documents in a 'reasonably usable' form, such as the native format, for any documents, including Excel spreadsheets." (Id. at 4-5 (footnote omitted).) Ameritox urges that the subpoenaed party, MLCS, must provide the documents in "native format" in order "to prevent an undue burden to Ameritox in comprehending and calculating information contained therein." (Id. at 5.)

The Federal Rules of Civil Procedure provide that "[i]f a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms."

---

[2]   The Court notes that because MLCS's Motion to File Documents Under Seal by Delivery to the Clerk, in Support of its Opposition to Ameritox's Motion to Compel and Enforce [ECF No. 36] was denied, the disk the parties refer to was not provided to the Court.

12cv2797 W (RBB)

Fed. R. Civ. P. 34(b)(2)(E)(ii).  The original and supplemental subpoenas specify the format for producing ESI.  They both state, "All electronic documents or electronically-stored information ("ESI") should be produced in single page, group IV .tiff file format, accompanied by OCR text at the document level."  (Mot. Compel. Attach. #3 Ex. A at 16, ECF No. 1; id. Attach. #4 Ex. B at 16.)  While the parties dispute whether the electronic documents are searchable or reasonably usable, neither side addresses whether they are in the precise format called for by the subpoenas.  Absent an agreement between the parties, MLCS is ordered to provide all documents in the format described in the subpoenas.  The Motion to Compel and Enforce [ECF No. 31] on this basis is **GRANTED**.

    **2.   Failure to produce documents with customer names**

    Plaintiff contends that when MLCS responded to document request two, it removed all customer names from the documents and replaced them with numeric identifiers.  (Mot. Compel & Enforce Disc. Order Attach. #1 Mem. P. & A. 10-11, ECF No. 31.)[3]  Ameritox argues that the Court has already determined that customer names are relevant, so they must be provided for MLCS to properly respond to this document request.  (Mot. Compel & Enforce Disc. Order Attach. #1 Mem. P. & A. 11, ECF No. 31.)

---

[3]   Document request two reads as follows:

    Documents sufficient to identify, for each customer or account for whom MLCS has provided, arranged, facilitated, or been involved in any manner with providing or arranging POCT Cups (including reagents), the amount charged for each POCT Cup, the amount the customer or account actually paid for the POCT Cups, the terms under which the customer or account received the POCT Cups, and any written agreement under which the customer or account received the POCT Cups.

(Mot. Compel. Attach. #3 Ex. A 18-19, ECF No. 1.)

In its Opposition, MLCS maintains that it has "produced a spreadsheet containing <u>all</u> customer names, addresses, and phone numbers -- precisely what the Subpoenas required." (Opp'n 12, ECF No. 34.)  It urges that Plaintiff's interpretation of document request two is "strained" because the request does not require MLCS to link customer names to specific transactions.  (<u>Id.</u> at 12-13.)  Customer names, according to MLCS, are "confidential and highly sensitive."  (<u>Id.</u> at 13.)  MLCS restates arguments made – and rejected – at the initial motion hearing on February 19, 2013. (Mot. Compel & Enforce Disc. Order Attach. #3 Ex. A Mot. Compel Produc. Docs Rep.'s Tr. at 14, ECF No. 31.)  This Court ruled that competitive information was to be produced by MLCS under the terms of the protective order in place.  (<u>Id.</u>)  Nevertheless, MLCS asserts that Ameritox has all the information it needs to determine whether, as a general matter, MLCS provided POCT cups at a low cost.  (<u>Id.</u> at 15.)

Plaintiff alleges in the Reply that MLCS changed the documents from the form they are kept in the ordinary course of business by omitting customer names.  (Reply 6, ECF No. 40.)  Ameritox provides other arguments in the sealed version of its Reply, which the Court has read and considered.  (<u>See</u> Reply 6-8, ECF No. 39 (sealed version).)

Rule 34 of the Federal Rules of Civil Procedure states, "A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."  Fed. R. Civ. P. 34(b)(2)(E)(I).  Here, MLCS admits that it altered the documents from how they are kept in the usual course by replacing customer names with numeric

identifiers.  (See Opp'n 14, ECF No. 34 ("[U]nique customer
identification numbers for each account . . . were added . . . ."))
The third party's production is improper, and the Motion to Compel
and Enforce [ECF No. 31] as to document request two is therefore
**GRANTED**.  MLCS is ordered to comply with the Court's Discovery
Order and provide Plaintiff with responsive documents that contain
customer names, not numeric identifiers.

### 3.   **Failure to produce sales and payment information for each customer**

Next, Ameritox maintains that MLCS responded to document
request two by providing transaction histories organized by month
and year, rather than by customer.  (Mot. Compel & Enforce Disc.
Order Attach. #1 Mem. P. & A. 12, ECF No. 31.)  "MLCS thus expects
Ameritox to dig through tens of thousands of spreadsheet entries to
piece together customer sales and payment histories bit-by-bit."
(Id.)  Plaintiff asserts that MLCS organizes transaction histories
by customer, and should be ordered to produce those documents.
(Id. at 12-13.)

In the Opposition, MLCS insists that it has provided Ameritox
with all the requested information sorted by a customer-identifier
number.  (Opp'n 16-17, ECF No. 34.)  Moreover, MLCS contends that
it is under no obligation to provide actual customer names because
the document request does not ask for them.  (Id. at 17.)
Supplying customer names, the third party argues, "would give
Ameritox the single most important piece of competitive trade
secret information possessed by MLCS."  (Id.)  In the Reply,
Plaintiff states that "[n]o valid reason exists for MLCS's attempt
to unduly burden Ameritox with voluminous spreadsheets of raw data

when MLCS has reports created in the ordinary course of business that compile the information by customer."  (Reply 8-9, ECF No. 40.)

MLCS is ordered to produce responsive documents identifying each customer by name, not with a numerical identifier.  MLCS's current production is inadequate and the Motion to Compel and Enforce Discovery Order [ECF No. 31] as to document request two is **GRANTED** on this additional basis.

**4.   Failure to produce documents regarding free cup contracts**

Next, Plaintiff alleges that the third party has failed to provide Ameritox with documents relating to "(1) the terms under which customers received cups; and (2) written agreements between MLCS and its customers."  (Mot. Compel & Enforce Disc. Order Attach. #1 Mem. P. & A. 13, ECF No. 31.)  The Court infers that Plaintiff is again referring to document request two.  (See Mot. Compel Attach. #3 Ex. A at 18-19, ECF No. 1.)  According to Plaintiff, in response to this request, "MLCS failed to produce a single Cup Contract to Ameritox."  (Mot. Compel & Enforce Disc. Order Attach. #1 Mem. P. & A. 13, ECF No. 31.)  Moreover, Plaintiff argues that "MLCS possesses documents that easily identify all customers with Cup Contracts, and the terms of those Cup Contracts, but refused to produce them."  (Id. (footnote omitted).)

Ameritox also urges that as to document request three, MLCS is obligated to produce invoices for cup contracts or "'documents sufficient to identify the information concerning those invoices.'" (Id. at 14 (quoting Mot. Compel Attach. #3 Ex. A at 19, ECF No.

14

12cv2797 W (RBB)

1  1).)[4]  Plaintiff maintains that MLCS has only provided a few

2  invoices.  (Id.)  To the extent MLCS has spreadsheets and other

3  documents showing this information, Ameritox asserts that only one

4  document partially capturing this information was produced and is

5  insufficient.  (Id.; see also Mot. Compel & Enforce Disc. Order

6  Mem. P. & A. 14, ECF No. 33 (sealed version) (citing id. Attach.

7  #16 Ex. O (referring to one customer for eight months of one

8  year)).)

9      MLCS counters by insisting that Plaintiff's request is

10  improper because the contracts sought are between Millennium and

11  its customers, and MLCS thus "does not maintain them."  (Opp'n 17,

12  ECF No. 34.)  According to MLCS, Ameritox was ordered by the

13  magistrate judge in the Underlying Action to seek these documents

14  directly from Millennium.  (Id. at 17-18 (citing Req. Judicial

15  Notice Attach. #3 Ex. C at 2, ECF No. 35).)[5]  MLCS also maintains

16  that summary reports have been produced that contain all relevant

17  information, including "customer identifier[s], date[s], type[s]

18  and quantit[ies] of cups provided, among other things[]."  (Opp'n

19  18, ECF No. 34.)

20

21

22      [4]  Document request three asks for "[a]ll price lists,
    invoices and/or purchase orders related to the sale and/or
23  provision of POCT cups and/or POCT supplies (including reagents),
    or documents sufficient to identify the information concerning
24  those invoices and/or purchase order, including but not limited to
    spreadsheets and other business records."  (Mot. Compel. Attach. #3
25  Ex. A 19, ECF No. 1.)

26      [5]  This misrepresents the context of Judge McCoun's order.
    The order addressed documents and other items "allegedly improperly
27  retained by [two] witnesses . . . ."  (See Req. Judicial Notice
    Attach. #3 Ex. C, at 2, ECF No. 35.)  "Plaintiff [Ameritox] will
28  have to obtain such matters from Defendant or by some other means."
    (Id.)

1    In the Reply, Plaintiff argues that this Court has already
2  ordered MLCS to provide this information and should not entertain
3  MLCS's belated arguments. (Reply 9, ECF No. 39.) Ameritox insists
4  that the spreadsheet provided by MLCS is insufficient because it
5  omits customer names and does not indicate which customers received
6  free cups. (<u>Id.</u> at 10.) If MLCS does not provide the names of its
7  customers in the spreadsheets, Plaintiff contends, MLCS must
8  provide the actual customer invoices. (<u>Id.</u>)

9    "Legal ownership of the requested documents, electronically
10 stored information, or things is not determinative, nor is actual
11 possession necessary if the party has control of the items.
12 <u>Control</u> has been defined to include 'the legal right to obtain the
13 documents requested upon demand.' The term 'control' is broadly
14 construed." 7 James Wm. Moore et al., <u>Moore's Federal Practice</u> §
15 34.14[2][b], at 34-73 to 34-74 (3rd ed. 2013) (footnotes omitted)
16 (discussing requests for production under Rule 34). "[P]ossession
17 or control of documents or other materials can involve
18 consideration of a wide array of factors . . . ." <u>Id.</u> at 34-76.

19    Regardless of whether MLCS has custody, possession, or
20 control of the cup contracts or invoices, to the extent it has
21 other documents containing the information requested, MLCS must
22 provide them. MLCS is to provide documents that identify customers
23 by name, not with a numeric identifier. To date, Ameritox has
24 failed to properly comply with the Discovery Order by withholding
25 customer names. The Motion to Compel and Enforce Discovery Order
26 [ECF No. 31] as to document requests two and three is therefore
27 **GRANTED**.

28

**5.   Failure to produce screen shots of website**

Next, Plaintiff asserts that the third party "failed to produce relevant screen shots of the sales, marketing, pricing, and promotional materials that have appeared on its website from 2009 to the present." (Mot. Compel & Enforce Disc. Order Attach. #1 Mem. P. & A. 14, ECF No. 31.)  This request relates to document request four.[6]  Ameritox states that despite its requests for legible copies of the screen shots, MLCS has only produced "three black and white copies of a single webpage, which are undated and illegible." (Id. (citing id. Attach. #17 Ex. P.).)  MLCS responds by asserting that "[it] has produced the information that it possesses -- including screen shots from its website." (Opp'n 18, ECF No. 34 (citation omitted).)

The screen shots provided by MLCS are unintelligible and undated. (Mot. Compel & Enforce Disc. Order Attach. #17 Ex. P. at 2-4, ECF No. 33 (sealed version).)  The Court made clear at the hearing on the Motion to Compel that MLCS was responsible for providing screen shots of previous versions of the website. (See Mot. Compel Produc. Docs. Rep.'s Tr. Proceedings 18-19, ECF No. 22.)  To fully comply with the Discovery Order MLCS must provide legible, dated screen shots from May 2009 to the present. (See id. at 11 (holding that the relevant time period for the subpoenas was May 2009 to the present).)  It has not done so.  The document production is, again, not in compliance the Discovery Order.  The

---

[6]   The full text of document request four asks for "[a]ll sales, marketing, pricing and/or promotional materials related to POCT Cups and/or POCT supplies (including reagents) and/or documents that mention or discuss the sale, marketing, promotion, pricing and/or provision of POCT Cups and/or POCT supples (including reagents)." (Mot. Compel. Attach. #3 Ex. A 18-19, ECF No. 1.)

17

Motion to Compel and Enforce February 19, 2013 Discovery Order [ECF No. 31] as to document request four is **GRANTED**.

      **6.**    **Failure to produce documents related to cashed and uncashed checks and credit card chargebacks**

Plaintiff argues that as to document request six, MLCS refuses to provide "documents reflecting all cashed and un-cashed checks, and credit card chargebacks for POCT cups and supplies." (Mot. Compel & Enforce Disc. Order Attach. #1 Mem. P. & A. 15, ECF No. 31.) Ameritox insists that the documents provided by MLCS "lack enough detail for Ameritox to understand the purpose and actual terms of any transaction[.]" (Id.)

MLCS urges that this document request does not ask for "actual cashed or uncashed checks or chargebacks." (Opp'n 19, ECF No. 34 (emphasis omitted).) Rather, MLCS claims it may produce "information sufficient to identify those transactions." (Id.) On this basis, MLCS contends that responsive documents have been produced in electronic, searchable form. (Id.) Plaintiff asserts arguments in the sealed version of the Reply, which the Court has read and considered. (See Reply 11-12, ECF No. 39.)

In Exhibit Q of the Motion to Compel and Enforce February 19, 2013 Discovery Order, Plaintiff includes documents provided by MLCS in response to this request. (See Mot. Compel & Enforce Disc. Order Attach. #18 Ex. Q, ECF No. 33 (sealed version).) MLCS does not dispute that Exhibit Q contains the documents it provided to Ameritox. (See Opp'n 19-20, ECF No. 34.) The twenty-six pages of fragmented information MLCS produced confirms Ameritox's claim that the documents provided are insufficient to identify the transactions. MLCS is to comply with the Discovery Order and

2816  Page 19 of 24

produce documents containing the requested information.  The Motion
to Compel and Enforce Discovery Order [ECF No. 31] as to document
request six is **GRANTED**.

> **7.  Failure to provide invoices that have been unpaid for
>     sixty days or longer**

Ameritox argues that MLCS failed to properly respond to
document request eight because it did not "produce copies of <u>all</u>
invoices for POCT cups and supplies that have been unpaid for sixty
(60) days or longer." (Mot. Compel & Enforce Disc. Order Attach.
#1 Mem. P. & A. 16, ECF No. 31.)  Plaintiff states that MLCS only
provided a few open invoices for 2009 and 2010.  (<u>Id.</u>)

MLCS maintains that it may produce summaries of the requested
information, as producing all the invoices would be "a laborious
and time-consuming task."  (Opp'n 20, ECF No. 34.)  Additionally,
it contends that Plaintiff should seek this information from
Millennium in the Underlying Action.  (<u>Id.</u>)  In its Reply, Ameritox
asserts a number of arguments under seal, which the Court has
considered.  (<u>See</u> Reply 12, ECF No. 39.)

The plain language of document request eight calls for the
production of "all invoices."  (Mot. Compel. Attach. #3 Ex. A at
19, ECF No. 1.)  Yet, the number of MLCS customers with open
balances is disparate from the number of invoices produced to
Ameritox.  (Mot. Compel & Enforce Disc. Order Mem. P. & A. 16, ECF
No. 33 (sealed version).)  To the extent MLCS has invoices, it must
provide them.  If, in the ordinary course of business, it uses
spreadsheets or other reports to manage invoice information, those
unredacted documents may be sufficiently responsive if they contain
<u>all</u> the information contained in the invoices.  In either case, the

Motion to Compel and Enforce February 19, 2013 Discovery Order [ECF
No. 31] as to document request eight is **GRANTED**.

      **8.    Failure to provide documents reflecting payments and fund
transfers**

     Ameritox contends that to properly respond to supplemental
document request four, MLCS must produce all documents showing any
payments or transfers of funds between MLCS and Millennium. (Mot.
Compel & Enforce Disc. Order Attach. #1 Mem. P. & A. 17, ECF No. 31
(citing Mins., Feb. 19, 2013, ECF No. 16; Mot Compel Attach. #4 Ex.
B at 19, ECF No. 1).) In the sealed version of the Motion to
Compel and Enforce Discovery Order, Plaintiff provides additional
arguments and cites to a document produced by MLCS that contains
fragments of information called for by Ameritox's subpoena. (See
id.) Based on MLCS's limited production to date, Ameritox argues
that additional documents likely exist relating to these
transactions. (Mot. Compel & Enforce Disc. Order Attach. #1 Mem.
P. & A. 17, ECF No. 31.) Plaintiff insists that the third party
should be ordered to produce those documents. (Id.)

     MLCS claims that it has complied with the subpoena by
producing responsive documents showing the "dates of payments,
transaction types[,] and amounts." (Opp'n 20-21, ECF No. 34.)
Additionally, MLCS contends that Ameritox's request is improper
because Plaintiff was ordered to seek from Millenium the documents
that can be obtained directly from it in the Underlying Action.
(Id. at 21.) Thus, any documents produced in this action would be
duplicative of those already provided. (Id.) If MLCS is asserting
a new objection to the production of documents subpoenaed by

12cv2797 W (RBB)

Ameritox and ordered produced by this Court, the objection comes too late and is not well founded.

Supplemental document request four asks for "<u>All</u> documents reflecting any payments or transfer of funds of any nature between MLCS and Millennium Laboratories, Inc." (Mot. Compel. Attach. #4 Ex. B at 19, ECF No. 1 (emphasis added).) The documents provided do not fully comply with the Discovery Order. First, based on the document reproduced on page seventeen of the sealed version of the Motion to Compel and Enforce Discovery Order, it appears that MLCS eliminated data fields from the document. (<u>See</u> Mot. Compel & Enforce Disc. Order Mem. P. & A. 17, ECF No. 33 (sealed version).) Second, MLCS does not argue that it has produced "all documents" reflecting the requested information. Rather, MLCS merely contends that it has "produced documents reflecting this information." (Opp'n 20, ECF No. 34.) The morsels of information produced are insufficient to comply with the Court's Discovery Order. For these reasons, MLCS is ordered to comply with the Discovery Order and provide <u>all</u> responsive documents to Plaintiff. The Motion to Compel and Enforce February 19, 2013 Discovery Order [ECF No. 31] as to supplemental document request four is **GRANTED**.

**9.    Failure to produce verified responses**

Ameritox maintains that the Court ordered MLCS to provide verified discovery responses for all document requests where "responsive documents do not exist or have been produced." (Mot. Compel & Enforce Disc. Order Attach. #1 Mem. P. & A. 17-18, ECF No. 31 (citing Mins., Feb. 19, 2013, ECF No. 16).) Yet, while MLCS claims that it has produced all documents responsive to some of Plaintiff's requests, MLCS has failed to provide a verified

statement from a company officer to this effect.  (_Id._ at 18.)  In its Opposition, MLCS submits that the Court did not require it to provide verified responses for all document requests, merely to those where additional documents would not be forthcoming after the hearing on the Motion to Compel.  (Opp'n 21-22, ECF No. 34 (citing Mins. 1, Feb. 19, 2013, ECF No. 16).)

At the February 19, 2013 hearing on Ameritox's Motion to Compel the Court held, "'When a party claims that all the requested documents have already produced, it must state that fact under oath in response to the request.'  That guidance is useful here. Although Millennium Laboratories Clinical Supply urges that many documents have already been produced, that response should be made under oath." (Mot. Compel Produc. Docs. Rep.'s Tr. Proceedings 18, ECF No. 22.)  If MLCS has produced all responsive documents, it must make that statement under oath.  To the extent the third party claims that more documents will not be forthcoming as to any document request because all responsive documents have been provided or do not exist, it is to state so under oath. Accordingly, the Motion to Compel and Enforce February 19, 2013 Discovery Order [ECF No. 31] is also **GRANTED**.

    **10.  Sanctions**

Plaintiff asks the Court to award sanctions "as the Court deems appropriate, in light of MLCS's conduct since the Discovery Order was entered more than four months ago." (Mot. to Compel & Enforce Disc. Order Attach. #1 Mem. P. & A. 18, ECF No. 31.)  Yet, Ameritox does not support this request with case law or an application of the facts to the standards for imposing sanctions. It is unclear whether Plaintiff seeks monetary, or some other type

of sanction.  Based on Ameritox's one-sentence request for
sanctions, the Court declines to rule on the issue.

A company's culture of compliance with court orders is set at
the top of the organization.  Here, MLCS's compliance with
subpoenas and court orders is suspect.  This conclusion is
buttressed by the fact that at the time Ameritox moved to compel
compliance with its subpoenas, the chief executive officer of MLCS,
James Slattery, was also the chief executive officer of Millennium,
the defendant in the Underlying Action in Florida.  (See Mot.
Compel Attach. #1 Mem. P. & A. 3 n.3, ECF No. 1.)  Furthermore,
"MLCS and Millennium share the same address, same suite number, and
the same agent . . . ."  (Id.)  Additional factors suggest a unity
of interests that may explain a grudging production of subpoenaed
items in response to this Court's Discovery Order.  (See id.)

Yet, to be clear, the Court expects MLCS's full compliance
with the Court's orders.  Plaintiff has filed two motions to
compel, and both have been granted.  The third party has twice
taken the position that it need not produce documents, and it has
twice been wrong.  In light of the attorney's fees and judicial
resources expended to date, and mindful of the schedule set in the
Underlying Action, further motion practice is highly discouraged.

**IV.  CONCLUSION**

For the reasons described above, Plaintiff's Motion to Compel
and Enforce February 19, 2013 Discovery Order [ECF No. 31] is
**GRANTED.**  Supplemental documents are to be produced by MLCS on or
before November 11, 2013.  MLCS's Request for Judicial Notice [ECF
No. 35] is **GRANTED.**  MLCS's Motion to File Documents Under Seal by
Delivery to the Clerk, in Support of its Opposition to Ameritox's

1  Motion to Compel and Enforce [ECF No. 36] is **DENIED.**  Ameritox's

2  Motion for Leave to File Under Seal Portions of Its Reply [ECF No.

3  38] is **GRANTED.**  MLCS's Ex Parte Application for Leave to File

4  Surreply in Opposition to Plaintiff Ameritox, Ltd.'s Motion to

5  Compel and Enforce February 19, 2013 Discovery Order [ECF No. 41]

6  is **DENIED.**

7       **IT IS SO ORDERED.**

8

9  Dated: October 25, 2013

10                                    RUBEN B. BROOKS
                                     United States Magistrate Judge

11  cc:  Judge Whelan
          All Parties of Record

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28