1
2
3
4
5
6
7
8
## UNITED STATES DISTRICT COURT
9
## SOUTHERN DISTRICT OF CALIFORNIA
10

11  | AMERITOX, LTD,

12  | Plaintiff,

13

14  | vs.

15

16

17  | MILLENNIUM LABORATORIES
18  | CLINICAL SUPPLY, INC.,

19  | Defendant.

20

CASE 12-CV-2797 W (RBB)

**ORDER:**

**(1) DENYING EX PARTE APPLICATION TO STAY [DOC. 48];**

**(2) SETTING BRIEFING SCHEDULE; and**

**(3) GRANTING EX PARTE APPLICATION TO LODGE DOCUMENTS UNDER SEAL [DOC. 53]**

21      Pending before the Court is Defendant Millennium Laboratories Clinical Supply,

22  Inc.'s ex parte application for an emergency stay of Magistrate Judge Ruben B. Brooks'

23  October 25, 2013 order granting Plaintiff Ameritox, Ltd.'s motion to compel (the

24  "Enforcement Order").  Millennium also seeks an order allowing it to file certain

25  documents under seal and to provide the Court with a CD copy of the documents.

26      The Court decides the matters on the papers submitted and without oral

27  argument pursuant to Local Rule 7.1(d)(1).  For the reasons discussed below, the Court

28

- 1 -

12cv2797

1   **DENIES** the ex parte application to stay Judge Brooks' Enforcement Order [Doc. 48] and
2   **GRANTS** the ex parte application to lodge documents under seal [Doc. 53].

4   **I.      Ex Parte Application to Stay.**

5       Relevant to Millennium's stay request are (1) whether it has made a strong
6   showing that Millennium will prevail on the merits, (2) irreparable injury to Millennium,
7   (3) any injury to Ameritox, and (4) the public interest at stake.  Hilton v. Braunskill 481
8   U.S. 770, 776 (1987).  These factors do not support Millennium's stay request.

9       As an initial matter, it is important to point out that the standard of review is clear
10  error. Fed. R. Civ. P. 72(a).  This standard is highly deferential, requiring a finding that
11  the magistrate judge's findings of fact are clearly erroneous and the district court is left
12  with a "definite and firm conviction that a mistake has been committed."  Burdick v.
13  Comm'r Internal Rev. Serv., 979 F.2d 1369, 1370 (9th Cir. 1992).  Millennium's ex
14  parte application fails to demonstrate a likelihood of prevailing on the merits under this
15  standard.

16      For example, Millennium objects to Judge Brooks' finding with respect to Request
17  No. 2 on the ground that the request does not require Millennium to produce linked-by-
18  name information.  Request No. 2 provides:

19      Documents sufficient to identify, for each customer or account for whom
20      MLCS has provided, arranged, facilitated, or been involved in any manner
        with providing or arranging POCT Cups (including reagents), the amount
21      charged for each POCT Cup, the amount the customer or account actually
        paid for the POCT Cups, the terms under which the customer or account
22      received the POCT Cups, and any written agreement under which the
23      customer or account received the POCT Cups.

24  See Millennium's Obj [Doc. 52], 10:24–11:3.)  According to Millennium, this language
25  only requires it to produce "all aspects of the transaction data" but without the customer
26  names.  (Id., 13:4–15.)

27      But Millennium's reading of this request arguably ignores the "each customer or
28  account" language. Although the request specifically seeks transaction information, such
    as the amount actually paid for cups, it seeks the information in relation to "each

1    customer," whose identity is therefore part-and-parcel of the discovery request.  At the

2    very least, assuming the request is somewhat vague with respect to whether it requires

3    Millennium to link the transaction information to the customer, Judge Brooks'

4    interpretation appears reasonable and, therefore, is not clearly erroneous.

5        Moreover, Millennium's objection may be untimely.  To the extent Millennium

6    is asserting that the request is vague with respect to whether it requires linked-by-name

7    information, Millennium arguably should have raised the objection in connection with

8    Judge Brooks' consideration of the motion to enforce the out-of-district subpoena.

9        Millennium also fails to establish irreparable harm.  Millennium argues that the

10   Enforcement Order requires it to disclose proprietary information to one of its primary

11   competitors.  However, pursuant to Judge Brooks' Protective Order, Millennium may

12   designate the documents as "Attorneys' Eyes Only."  (*See Protective Order* [Doc. 21], ¶11.)

13   Based on this available designation, the Court finds Millennium's claim of irreparable

14   harm unpersuasive.

15       Finally, the Court also finds that further delay in producing the documents would

16   harm Ameritox given the fast-approaching trial date in the Florida litigation.

17       For all these reasons, Millennium's ex parte application to stay Judge Brooks'

18   Enforcement Order is **DENIED**.

19

20   **II.    Briefing Schedule & Ex Parte Application to Seal Documents.**

21       In light of Millennium's Objection, the Court **ORDERS** the following briefing

22   schedule:

23       1.    Ameritox's opposition to Millennium's objections is due on or before

24             **Monday, November 18, 2013.**

25       2.    Millennium's reply to Ameritox's opposition is due on or before **Thursday,**

26             **November 21, 2013**.

27       Millennium's ex parte application to file documents under seal and provide the

28   Court with a CD copy of the documents is **GRANTED** [Doc. 53].  However, rather than

12cv2797

file the CD, Millennium **shall lodge the CD under seal** with the Clerk's Office and provide a courtesy copy to Chambers on or before **Monday, November 18, 2013**.

The Court will not independently scour the CD for supporting documents.  To the extent either party believes certain documents support its position, the party must provide a pin-point cite to the exact document.  General citations to large groups of documents will not be reviewed by the Court.

Upon submission of the above briefing, the matter shall be deemed under submission.  There shall be no oral argument.

**IT IS SO ORDERED.**

DATED:  November 13, 2013

_____
Hon. Thomas J. Whelan
United States District Judge

12cv2797